UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>     Plaintiff,                                 )<br>                                                   )<br>                                                   )  NO. 2:07-CR-47 PPS-PRC-17<br>     v.                                            )<br>                                                   )<br>                                                   )<br>DEMOND HARDIMON,                )<br>     Defendant.                            )<br>                                                   ) | |

**OPINION AND ORDER**

Defendant Demond Hardimon has filed a Motion to Dismiss his indictment. [DE 246]. He alleges that the delay suffered between his indictment and his trial currently scheduled for March 3, 2008 has violated the Speedy Trial Act and the Sixth Amendment of the United States Constitution. The Court disagrees, and therefore denies Hardimon's Motion to Dismiss.

**I. BACKGROUND**

In order to properly evaluate the pending Motion to Dismiss, it is necessary to first review the history of the docket in this case. This action involves several defendants, the first twelve of which were indicted on March 22, 2007. [DE 12]. On April 18, 2007, Defendant Hardimon was for the first time included in a second indictment, along with four other new defendants. [DE 85]. Hardimon was arrested on May 31, 2007. The trial was first scheduled for May 29, 2007, but then re-set for November 13, 2007 via Magistrate Judge Cherry's May 16, 2007 Order granting the Motions to Continue filed by Defendants Brown, Smith, Garner, Foster, and Dryer. [DE 161]. The Order provided that the period of delay resulting from the continuance should be excluded under the terms of the Speedy Trial Act and 18 U.S.C. § 3161(h)(8)(A) and (h)(8)(B)(i) and (iv). Defendant Hardimon did not object to this Order or the

November 13, 2007 trial date.

On October 25, 2007, Judge Cherry once again ordered a continuance of the trial, this time by granting the motions of Defendants Brown, Foster, and Wilson. [DE 237]. The trial is now scheduled for March 3, 2008. Unlike the first set of Motions to Continue, Hardimon did file an objection to continuing the trial date this second time. Nevertheless, Judge Cherry found that "the ends of justice served by granting such a continuance outweigh the best interest of the public and the Defendants in a speedy trial," and that "taking into account the exercise of due diligence," granted the Motions to Continue. He again stated that the period of delay resulting from the continuance was to be excluded under the terms of the Speedy Trial Act and 18 U.S.C. § 3161(h)(8)(A) and (h)(8)(B)(i) and (iv).

Defendant Hardimon filed this Motion to Dismiss on November 30, 2007. He argues that the October 25, 2007 Order granting the other defendants Motions to Continue and scheduling the trial for March 3, 2008 was improper because the Court did not properly articulate its reasons for excluding the period of delay, as required under the Speedy Trial Act. He also argues that the period of time between when he was first indicted and the currently scheduled date for trial is excessive and in violation of his Sixth Amendment right to a speedy trial.

## II.  DISCUSSION

**A.    The Court Properly Excluded The Period Of Delay From Speedy Trial Calculations.**

The Speedy Trial Act "generally requires a trial to begin within 70 days of the filing of an information or indictment or the defendant's initial appearance[.]" *Zedner v. United States*, 126 S. Ct. 1976, 1983 (2006) (citing 18 U.S.C. § 3161(c)(1)). Nevertheless, the Act also provides a "long and detailed list of periods of delay that are excluded in computing the time

within which trial must start." *Id.* (citing § 3161(h)). The provision at issue in this case is § 3161(h)(8)(A). This subsection provides that the following period of delay is excluded from computing the time within which the trial must begin:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* However, this period is not excludable unless:

> the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id*. In determining whether the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, courts need to consider several factors. The factors laid out in § 3161(h)(8)(B)(i) and (iv) are the most salient to the discussion here. Section 3161(h)(8)(B)(i) informs that courts should consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." § 3161(h)(8)(B)(iv) states that courts should also consider:

> [w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant, or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

§ 3161(h)(8)(B)(iv).

Defendants cite *Zedner* as support that courts must provide their reasons for finding that the ends of justice served by a continuance outweigh the best interests of the public and defendant in a speedy trial at the time the continuance is granted. (Hardimon Mem. at 4.) This is not an accurate reading of that case. Ideally, a district court should make its findings when it grants the continuance. *See Zedner*, 126 S. Ct. at 1989 n.7. But it is not required. Rather, the Supreme Court held:

> Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be "granted . . . on the basis of [the court's] findings"), the Act is ambiguous on precisely when those findings must be "se[t] forth, in the record of the case." However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).

*Id*. at 1989 (alterations in original). The Court therefore finds that it now can make the appropriate findings regarding why the granting of the disputed continuances were proper under § 3161(h)(8)(A).

Absent severance, the excludable delay of one defendant may be ascribed to all co-defendants in the same case. 18 U.S.C. § 3161(h)(1)(F); *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994). The continuance granted to Defendants James, Foster, and Wilson was proper and the corresponding delay was excludable for not only those defendants but Hardimon as well. The counsel of Defendant Foster indicated in his Motion to Continue that counsel had a scheduling conflict with the November 13 trial date owing to a separate jury trial scheduled for the same time. Maintaining continuity of counsel in this fashion is an appropriate reason to grant an ends-of-justice continuance under Section 3161(h)(8)(iv). *See U.S. v. Griffin*, 194 F.3d

4

808, 824-25 (7th Cir. 1999).  Moreover, the Motions to Continue filed by Defendants Brown and Wilson state that there are voluminous amounts of discovery involved in the case, covering the actions and statements of various individuals including sixteen co-defendants.  In order to allow the defendants' attorneys a reasonable time to effectively prepare and conduct the necessary due diligence for the case, this Court now finds that continuance was warranted.  *See* 18 U.S.C. § 3161(h)(8)(iv).  Hardimon has never moved for severance, and so the delay from the continuance is excluded from his Speedy Trial Act calculations as well.

Finally, this is a complex case given the number of defendants and the scope of the conspiracy charged. In all, there are 17 defendants charged with conspiracy to distribute heroin. The conspiracy spanned some three years and involved the movement of large quantities of heroin from the Chicago area to Porter County, Indiana.  Given the number of defendants and the breadth of the conspiracy, this case can readily be described as "complex" as that term is used in the Speedy Trial Act, allowing for its exception from the Act.  *See* 18 U.S.C. §3161(h)(8)(B)(ii).

Based on the above discussion, the Court finds that the allegedly improper period of delay was in fact appropriate and necessary.

**B.     The Court's Order Of Continuance Did Not Violate Hardimon's Sixth Amendment Rights.**

Hardimon also asserts that the delay resulting from the Court's October 25, 2007 Order has violated his right to a speedy trial guaranteed under the Sixth Amendment.  The rights provided under the Speedy Trial Act and the Sixth Amendment "are related but distinct, so that a violation of one may be found without a violation of the other."  *United States v. White*, 443 F.3d 582, 588 (7th Cir. 2006).  The courts apply a four-part test when considering a Sixth Amendment speedy trial challenge: "whether delay before trial was uncommonly long, whether the

5

government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Id*.

The first factor, the length of time from accusation to trial, can serve to cut-off examination of the other three if it is not presumptively prejudicial. *Id*. at 589. However, the time between Hardimon's April 18, 2007 indictment and the scheduled March 3, 2008 trial is ten and one-half months. Generally, a delay approaching one year is presumptively prejudicial. *Id.* at 589; *see also, United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1127 (7th Cir. 1984)(eight months). The amount of weight to be given to this first factor is measured by the amount of time "the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *White*, 443 F.3d at 590 (quoting *Doggett v. United States*, 505 U.S. 647, 652 (1992)). Since the extent of the delay here, as in *White*, barely exceeds the amount to reach the presumptively prejudicial point, the delay factor only slightly weighs in favor of the Defendant here.  443 F.3d at 590.

The second factor, whether the government or the defendant is more to blame for the delay, weighs against Hardimon. When the Supreme Court first laid out the four-factor test it also instructed courts on how to analyze the various justifications for delay applicable to the second factor. *Barker v. Wingo*, 407 U.S. 514, 531 (1972). Deliberate delay on the part of the government in order to hurt the defense weighs heavily against the government, and a neutral reason such as negligence weighs less so. *Id*. A valid reason, however, "should serve to justify appropriate delay." *Id*. Here, the government was not the cause of the delay at all. The delay was prompted by the two continuances sought by Hardimon's co-defendants, the first one of

6

which Hardimon did not object to.  Those continuances were necessary to allow the defense attorneys time to prepare their cases, including those attorneys newly appointed to the matter.  Hardimon contends that the government is at least partially responsible because it added defendants and a second indictment after the case commenced.  The second indictment took place only twenty-six days after the first.  There is no indication that this was done purposefully or negligently on the part of the government or even contributed to the various co-defendants' requests for continuances.  This action cannot be said to be the source of blame for Hardimon's delay in getting to trial.

   As for the third factor, Hardimon did promptly file his objection to the second set of Motions to Continue but, as mentioned, did not do so for the first.  He therefore consented to the delay extending from the original May 29, 2007 trial date to the second date of November 13, 2007, but not the second delay from November 13, 2007 to March 3, 2008.   Thus, of the 241-day delay he complains of in his Motion to Dismiss, Hardimon acquiesced to 131 of them.  Federal courts are reluctant to find Sixth Amendment speedy trial violations when defendants agree to continuances.  *Barker v. Wingo*, 407 U.S. 514, 536 (1972)(finding that Defendant gambled, and lost, by not objecting to two motions for continuances); *White*, 443 F.3d at 590-91 (finding that objection to continuance three months after delay does not weigh strongly in defendant's favor when examining third prong); *United States v. Ward*, 211 F.3d 356, 361 (7th Cir. 2000)(finding that the third factor did not weigh strongly in favor of the defendant when he only "asserted his right to a speedy trial after much of the alleged improper delay had occurred"); *United States ex rel. Mitchell v. Fairman*, 750 F.2d 806, 809 (7th Cir. 1984)(refusing to find violation for two-year delay after defendant consented to many continuances and demonstrated

7

himself as "at least reasonably content with a leisurely prosecution."). For these reasons, the Court finds that the third factor weighs strongly against Hardimon.

Fourth, there is no demonstrable prejudice to Hardimon stemming from the short delay. The courts examine this prong, "in light of the interests protected by the right: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that defense will be impaired." *White*, 443 F.3d at 591 (citation and quotation marks omitted). While the courts presume a certain amount of prejudice corresponding with significant pre-trial incarceration, if this prejudice is "unenhanced by tangible impairment of the defense function," or "unsupported by a better showing of the other factors," the presumed prejudice on its own does not establish a violation of the right to speedy trial. *See White*, 443 F.3d at 591; *see also*, *United States v. Scott*, 850 F.2d 316, 321 (7th Cir. 1988)("[T]o show that the government's delay prejudiced [defendant] in a constitutionally significant sense, [defendant] must offer evidence of anxiety beyond that which reasonably corresponds with a criminal prosecution, conviction, and imprisonment.").

The only potential harm identified by Hardimon is his inability to locate witnesses to testify on his behalf and support his defense. To begin with, this supposed harm is not addressed by reducing the delay between indictment and trial. To the contrary, with more time to prepare for trial, Hardimon and his attorney have a better chance to locate the witnesses he says he needs. Nor does Hardimon's detention interfere with his other Sixth Amendment right to compulsory process or the utilization of the Court's subpoena power. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987)("Our cases establish, at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable

8

witnesses at trial . . ."). Hardimon makes no effort to explain why his witnesses present unique difficulties in terms of locating and bringing to trial that he cannot avail himself of the typical resources used by pre-trial detainees. In addition, Hardimon has already presented the argument for why he should not be committed to pre-trial custody both at his arraignment and at the hearing held to address his Motion to Amend Detention Order on December 6, 2007. In both instances, the Court was convinced that detention was appropriate [DE 178; DE 250], and Hardimon points to no specific facts or law that would suggest otherwise at this time. Accordingly, without the showing of the requisite prejudice from further incarceration, this factor also weighs against Hardimon.

After carefully balancing the four factors, the Court finds that Hardimon's Sixth Amendment right to a speedy trial was not violated.

### III.  CONCLUSION

For the foregoing reasons, Defendant Hardimon's Motion to Dismiss [DE 246] **DENIED.**

**SO ORDERED.**

ENTERED: January 11, 2008

                                               s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT