# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:07-CR-47 PS |
| | ) | |
| DEMOND HARDIMON | ) | |

## OPINION AND ORDER

Title 21, United States Code, Section 841(b)(1)(A) provides for a mandatory minimum prison term where the defendant commits a narcotics violation as described in § 841(a) and does so after being convicted of a prior felony drug offense. For one prior felony offense, the defendant's prison term may not be less than 20 years, and for two prior offenses, he shall be sentenced to a mandatory term of life. Demond Hardimon was found guilty by a jury of conspiring to distribute in excess of one kilogram of heroin, and he had previously been convicted of two felony drug offenses in state court. He now objects to the application of 21 U.S.C. § 841(b)(1)(A) to his sentence. I find that one of the prior sentences does not qualify under § 841(b)(1)(A), but the other one does. Therefore, Hardimon is subjected to a mandatory minimum of twenty years, and so his objection is SUSTAINED IN PART AND OVERRULED IN PART.

There is no question that Hardimon was convicted of two drug offenses in Cook County, Illinois before he was convicted of the drug offense in this case. In particular, he was convicted of Possession of a Controlled Substance, a Class 4 felony under Illinois law, on January 27, 2006. (Hardimon was sentenced to 2 years probation). Then, about ten months later, on November 28, 2006, Hardimon was convicted of Manufacture/Delivery of Heroin, a Class 1

felony offense under Illinois law.  The issue is whether these earlier convictions are considered "prior convictions for felony drug offenses" as that phrase is used in § 841(b)(1)(A).

The government concedes that the latter conviction does not trigger the sentencing enhancement under § 841(b)(1)(B) because that conviction occurred after the criminal conduct in the instant conspiracy ceased.   The government's concession on that point is correct because there is no evidence that Hardimon's role in the drug conspiracy continued after November 28, 2006.  *See United States v. Garcia*, 32 F.3d 1017, 1019-20 (7th Cir. 1994).   Since the government has properly conceded that point, I sustain the objection to paragraph 71 of the PSR which attempts to subject Hardimon to a mandatory minimum of life imprisonment.

The same analysis does not apply however to the conviction sustained on January 27, 2006.  Hardimon argues that the enhancement based upon this conviction is not appropriate as it is closely related to the wide federal drug conspiracy for which he is currently being sentenced. But this argument is foreclosed by *Garcia*.  In that case, the defendant was previously convicted in state court for possession of 3.87 grams of cocaine and then received an enhancement under § 841(b)(1)(A) when sentenced in federal court for conspiracy to distribute cocaine.  *Id*. at 1017-18.  The Seventh Circuit held that the goals of the statute were met by applying the enhancement, because Garcia continued the conspiracy after the date of his earlier state conviction.  *Id*. at 1019-20.  The enhancement applied despite the fact that the federal sentencing guidelines, which also account for prior convictions, specifically exclude previous crimes based on conduct related to the instant offense.  *Id*.

I asked the parties at the June 17, 2008 status conference to consider and brief the ramifications of *Garcia* on the present objection.  Hardimon has since acknowledged that *Garcia*

2

"is an appropriate application of the law."  Def.'s Sent. Mem., DE 415, at 2.  I agree, and find that *Garcia* requires me to account for the January 27, 2006 conviction for felony possession of a controlled substance in determining Hardimon's sentence under § 841(b)(1)(A) if in fact Hardimon committed the present offense after his earlier conviction.

While recognizing that § 841(b)(1)(A) applies even if his state and federal offenses were related, Hardimon argues that he did not participate in the conspiracy after January 27, 2006, the date of his state conviction.  This is a factual question that the government must prove by a preponderance of the evidence.  *See United States v. Knight,* 342 F.3d 697, 710 (7th Cir. 2003)(recognizing that prior drug convictions which increase a statutory *minimum* sentence are determined by sentencing judges under a preponderance-of-the evidence standard); *see also, Cunningham v. California*, 549 U.S. 270 (2007)(noting that question of prior conviction is exception to rule that enhancements over and above statutory maximum must be proven to a jury beyond a reasonable doubt); *United States v. Apprendi,* 530 U.S. 466 (2000).

The Government has met its burden in proving that Hardimon participated in the conspiracy after the January 27, 2006 conviction.  Several witnesses confirmed this fact at trial. Andrew Foster, who was at the core of this conspiracy, testified specifically that he purchased heroin from Hardimon from June of 2004 through May or June of 2006.  Tr. Vol. 2 at 72-73. When describing how his drug purchases began as an occasional happening but grew to four or five times a week, he stated that the period of his high-frequency drug buying occurred from December of 2005 through May or June 2006.  *Id*. at 77-78.  Even when pressed on cross examination, Foster held firm in his belief that he purchased from Hardimon well into 2006.  *Id*. at 112-113.  I found Foster to be a very credible witness; he was particularly lucid and demonstrated an excellent memory. In fact, I found him the most credible of the many witnesses

presented at trial that were involved in the conspiracies and sub-conspiracies for which Hardimon was accused.

Foster's testimony was supported by Amber Schultz, another witness I found to be very credible. She testified that she used Matt Bishop to purchase heroin from Hardimon from May or June of 2006 through July of 2006. *Id*. at 162-63. James Brown also testified to buying heroin from Hardimon after January 2006, though admittedly, Brown did show clearer effects from long-term drug use than Foster or Schultz, and I therefore would not rely on him as an independent source for precise dates. Tr. Vol. 3 at 214, 224, 229-30. But as a group, Foster, Schultz, and Brown paint an extremely convincing picture that shows Hardimon distributing heroin to the core conspirators well beyond his January 27, 2006 state court conviction.

The only testimony raised by Hardimon in support of his objection is that of Matt Bishop, who stated that his last purchase from Hardimon occurred in 2005. *Id*. at 24-25. Although this does contradict the dates testified to by Schultz, it does not touch upon the testimony of Foster. To the contrary, he acknowledged that Foster went "out on his own" in his efforts to purchase drugs after June or July of 2005. *Id*.

The government has therefore established by a preponderance of the evidence that Hardimon continued his role in the conspiracy after January 26, 2006 – the date he was convicted in state court and put on probation. The twenty year mandatory minimum in Section 841(b)(1)(A), which harshly punishes recidivists, therefore applies.

## CONCLUSION

For the foregoing reasons, I find that the Government has met its burden of proving by a preponderance of evidence that Hardimon participated in a conspiracy to distribute in excess of one kilogram of heroin and that Hardimon committed acts in furtherance of the conspiracy after the date of a prior conviction for a felony drug offense.  Accordingly, Hardimon's objection to the enhancement found under § 841(b)(1)(A) is **OVERRULED**. He is properly subjected to the twenty year mandatory minimum found in that statute.

**SO ORDERED**.

ENTERED: July 31, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT