UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | No. 2:07CR47-PPS |
| | ) | |
| **DEMOND HARDIMON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

The January 15, 2010 judgment in this case sentenced defendant Demond Hardimon to a term of imprisonment of 135 months. [DE 484.] Acting *pro se*, Hardimon has filed a motion requesting an amendment of the judgment to indicate that he is to receive credit for time served in federal custody starting from May 31, 2007. The judgment already plainly states my recommendation to the Bureau of Prisons "[t]hat the defendant be given credit for time served from the date of his arrest which is May 31, 2007." I do not have authority to do more.

The Bureau of Prisons, by delegation from the Attorney General, is vested with the authority to determine credit toward a sentence of imprisonment; the sentencing court has no such authority. 18 U.S.C. §§ 3585(b), 3621(b); *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). That is why my treatment of the issue at sentencing is in the form of a recommendation rather than an order. After exhausting any sentencing credit dispute through the Bureau of Prisons' internal administrative process, an inmate may seek review from a district court by filing a petition under 28 U.S.C. §2241, which must be filed against the warden of the prison in the district where the inmate is incarcerated. *United States v. Dawson*, 545 Fed.Appx. 539, 541-42 (7th Cir. 2013).

ACCORDINGLY:

Defendant Demond Hardimon's "Motion for Clarification Pursuant to Defendant's Credit for Time Served" [DE 569] is DENIED.

The Clerk shall provide a copy of this order to the defendant at the institutional address from which he filed the motion.

SO ORDERED this 17th day of February, 2015.

    /s/ Philip P. Simon
**Philip P. Simon**
**Chief Judge**
**United States District Court**